[No. 16027. Department Two. January 19, 1921.]

GEORGE B. COOLEY, *Appellant*, v. E. L. DAVIS *et al.*, *Respondents.*[1]

CONTRACTS (36-1)—CORPORATIONS (56)—REQUISITES AND VALIDITY —VALIDITY OF ASSENT—DURESS—RESCISSION OF SALE OF CORPORATE STOCK. A transfer of shares of stock in a corporation will not be cancelled for duress and coercion, upon plaintiff's evidence that it was made under threats of prosecution for making false entries and appropriating money and merchandise to his own use, where he was not restrained of his liberty, and came and went at his will for several days and of his own volition sought to settle the matter.

Appeal from a judgment of the superior court for Grant county, Truax, J., entered November 15, 1920, dismissing on the merits an action for rescission, tried to the court. Affirmed.

*D. S. Evans* and *Crandell, Williams & Crandell,* for appellant.

*Voorhees & Canfield,* for respondents.

TOLMAN, J.—The appellant, as plaintiff, brought this action to rescind a transfer of forty-six shares of the capital stock of the respondent corporation, which he alleged he had made to respondent Davis without consideration, and under duress and coercion. From a judgment denying him relief, he appeals.

It is manifestly impossible to set out the evidence with any degree of completeness, covering as it does several years of dealings between the parties, and we therefore content ourselves by saying that appellant as an officer of the respondent corporation, had charge of its books and cash, and the evidence fairly establishes that he was untrue to his trust, made false entries, and profited personally at the expense of the

[1]Reported in 194 Pac. 968.

corporation and of respondent Davis, the only other stockholder therein. The amount to which he so profited does not very clearly appear, but we are satisfied that it was sufficient as a consideration for the transfer of the stock. When confronted by the evidence, he seems to have admitted the making of the false entries, which is an offense under our statute, Rem. Code, § 2661, but claims that the credit thus obtained was never realized upon by him.

Appellant's testimony as to the facts which he claims constituted duress was to the effect that respondent Davis and one Rinehart, an accountant employed by Davis for the purpose of checking up the books of the corporation, pointed out that he had made false entries, appropriated money and merchandise to his own use, made a false return of the business of the corporation to the collector of internal revenue for income tax purposes, and threatened to have him arrested for these offenses, or some one of them, though the making of such threats is denied by them. But appellant was in no manner restrained of his liberty, and after these charges and threats, if any, were made, came and went at will for several days, and of his own volition sought to settle the matter. Taking appellant's own version of the language used in making the threats, their nature and the extent thereof, they fall far short of constituting duress. In *Ingebrigt v. Seattle Taxicab & Tr. Co.*, 78 Wash. 433, 139 Pac. 188, the subject of duress was fully discussed, and the rule correctly defined, and facts much stronger than here appear were held to be insufficient to establish it. With the rule thus laid down we are content. The judgment is affirmed.

HOLCOMB, MOUNT, MITCHELL, and MAIN, JJ., concur.